UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeERICK ERONN GIVENS, | No. 2:16-cv-00249 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| W. L. MUNIZ, Warden, | |
| Respondent. | |

I.   Introduction

Petitioner is a state prisoner proceeding pro se and in forma pauperis with this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  This case proceeds on the original petition filed November 21, 2015,[1] in which petitioner alleges a violation of his federal constitutional rights based on the state court's refusal to reduce his sentence imposed August 6, 2013, following his conviction for possession of a controlled substance while confined in prison.  See ECF No. 1.

Currently pending before the court is respondent's motion to dismiss the petition on the

---

[1] Unless otherwise noted, petitioner's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).  See also Rule 3(d), Federal Rules Governing Section 2254 Cases ("[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing").

1

1    principal ground that it fails to state a cognizable federal claim.  See ECF Nos. 17, 24.  Petitioner

2    filed an opposition, ECF No. 23; respondent filed a reply, ECF No. 24; petitioner filed a surreply,

3    ECF No. 25, which the court finds appropriate in light of respondent's modification of the

4    grounds supporting his motion.[2]

5        This matter is referred to the undersigned United States Magistrate Judge pursuant to 28

6    U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, this court recommends

7    that respondent's motion to dismiss be granted and this action dismissed.

8        II.        Factual and Procedural Background

9        On August 6, 2013, petitioner was convicted of possession of a controlled substance while

10   confined in state prison, in violation of California Penal Code section 4573.6, and sentenced to a

11   state prison term of four years.  (Lodg. Doc. 1.)

12       Petitioner did not file a direct appeal.  However, he filed a petition for resentencing under

13   California's subsequently enacted Proposition 47, California Penal Code section 1170.18.  His

14   petition was denied on March 26, 2015 with the notation "ineligibility based due to current

15   conviction(s)."  ECF No. 1 at 14.

16       Petitioner filed two state post-conviction collateral challenges.  The first state petition for

17   writ of habeas corpus was filed in the California Court of Appeal, Third Appellate District, on July

18   1, 2015 (Lodg. Doc. 2), and denied on July 9, 2015 (Lodg. Doc. 3).

19       The second state petition for writ of habeas corpus was filed in the California Supreme

20   Court on August 6, 2015 (Lodg. Doc. 4), and denied on October 21, 2015 (Lodg. Doc. 5).

21       Petitioner filed the instant federal petition for writ of habeas corpus on November 21,

22   2015. ECF No. 1.  The petition, which is somewhat difficult to construe, asserts three claims.

23   Claims One and Two significantly overlap and together assert that the state court denial of

24   petitioner's request for resentencing under Penal Code section 1170.18 was based on a

25   misconstruction of his request and/or of state law, and thus an abuse of judicial discretion under

---

[2] Respondent has withdrawn his initial contention that the petition was untimely filed after expiration of the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d).  See Reply, ECF No. 24 at 2:1-2.  Respondent had previously overlooked petitioner's state petition for resentencing.  Id.

the Fourteenth Amendment's guarantees to due process and equal protection. Claim Three, entitled "post card denial," which petitioner concedes is unexhausted, asserts an abuse of judicial discretion based on the state Supreme Court's failure to provide a written opinion. See ECF No. 1 at 5 ("Post card denial was not presented to other courts because Supreme Court was the only court to deny my writ of habeas corpus petition . . . with no explanation as of why I was denied.").

### III. Motion to Dismiss

Respondent contends that this action should be dismissed because it fails to state a cognizable federal claim and, moreover, is a mixed petition containing an unexhausted claim.

#### A. Unexhausted Claim/Mixed Petition

Federal district courts may not adjudicate petitions for habeas corpus that contain both exhausted and unexhausted claims. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982). A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Although a federal court may stay a mixed petition for good cause pending further exhaustion in the state courts, see Rhines v. Weber, 544 U.S. 269, 276-77 (2005), the court finds petitioner's instant unexhausted claim – "post card denial" – to be frivolous. The court proceeds to consider whether petitioner's remaining claims are cognizable.

#### B. Failure to State Cognizable Federal Claim

A "person in custody pursuant to the judgment of a State court" may challenge that judgment in federal court pursuant to an application for a writ of habeas corpus premised "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner's combined Claims One and Two appear initially to contend that the state courts denied his resentencing request because they erroneously considered his "prior separate prison term" rather than his "current conviction" on the challenged sentence. ECF No. 1 at 9. However,

1  California Penal Code section 1170.18 expressly provides that a court reviewing a petition for
2  resentencing may consider "the length of [the petitioner's] prior prison commitments," Cal. Penal
3  Code § 1170.18(b)(1), and whether the petitioner has "one or more prior convictions," id., §
4  1170.18(i).

Petitioner's further briefing suggests that he is challenging the failure of the state courts to find his conviction and sentence under Penal Code section 4573.6 analogous to the provisions expressly identified in Section 1170.18 as eligible for resentencing.[3]  Petitioner asserts, "Health and Safety Code 11350 and 11367(a) for possession has the same elements or is the same operative offense as Penal Code 4573.6."  ECF No. 23 at 1.  Petitioner contends that the state courts' decision constitutes a denial of due process because unreasonable, arbitrary, capricious and unfair, ECF No. 1 at 10, and a denial of equal protection, ECF No. 25 at 2.

Notwithstanding petitioner's invocation of the federal constitution, the undersigned finds no cognizable federal claim in his challenge to the state court's construction of California Penal Code section 1170.18 as applied to petitioner's request for resentencing.  See Middleton v. Cupp, 768 F.2d at 1085 (federal habeas relief is "unavailable for alleged error in the interpretation or application of state law"); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) (redetermination of state sentence is a matter within the authority of the state and raises no federal question), cert. denied, 395 U.S. 947 (1969).  The court finds no basis upon which to elevate petitioner's state law claims to federal constitutional stature.  See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Richmond v.

---

[3] California Penal Code section 1170.18(a) provides:
> A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

4

1  Lewis, 506 U.S. 40, 50 (1992) (federal court is required to consider whether state-law error is
2  "'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment
3  violation'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990).).  A petitioner may not
4  "transform a state-law issue into a federal one merely by asserting a violation of due process" or
5  other constitutional right.  Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).
6  For these reasons, this court finds that the petition fails to allege a cognizable federal claim, and
7  on this basis should be dismissed.  Accord, Bowman v. Perry, 2016 WL 4013675, at *6, 2016
8  U.S. Dist. LEXIS 98205, at *15 (S.D. Cal. July 27, 2016) (Case No. 15-cv-01235 BAS KSC P)
9  (Proposition 47 claims premised on current convictions or prior-conviction enhancements are
10  meritless because none "of those code sections are included in California Penal Code §
11  1170.18"); Myles v. Rackley, 2016 WL 6298408, at *2, 2016 U.S. Dist. LEXIS 149256, at *5
12  (E.D. Cal. Oct. 27, 2016) (Case No. 216-cv-0278 TLN CKD P), report and recommendation
13  adopted, 2016 WL 7212801, 2016 U.S. Dist. LEXIS 171523 (E.D. Cal. Dec. 12, 2016) (rejecting
14  Proposition 47 claims on ground that "[f]ederal habeas corpus relief is unavailable for alleged
15  errors in the interpretation or application of state sentencing laws by a state court"); Adams v.
16  Borders, 2016 WL 4523163, at *3, 2016 U.S. Dist. LEXIS 115880, at *8-9 (C.D. Cal. July 29,
17  2016) (Case No. ED CV 16-00541-VBF (AS)), report and recommendation adopted, 2016 WL
18  4520906, 2016 U.S. Dist. LEXIS 115885 (C.D. Cal. Aug. 29, 2016) ("The fact that Petitioner
19  may be attempting to characterize his claim concerning resentencing under Proposition 47 as a
20  federal constitutional claim . . . is not sufficient to render it cognizable.").

21       IV.     Conclusion

22      For the foregoing reasons, IT IS HEREBY RECOMMENDED that respondent's motion
23  to dismiss, ECF No. 17, be granted, and this action be dismissed with prejudice for failure to state
24  a cognizable federal claim.

25      These findings and recommendations are submitted to the United States District Judge
26  assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days
27  after being served with these findings and recommendations, any party may file written
28  objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE